**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PATRICIA A. SCOTT,

    Plaintiff,

v.                                              CASE NO. 3:07-cv-735-J-16HTS

FRANK JAMES BROOKS,

    Defendant.

_____

**REPORT AND RECOMMENDATION**[1]

This suit was filed on August 13, 2007, *see* Complaint (Doc. #1), along with a request to proceed in forma pauperis. *See* Amended Affidavit of Indigency (Doc. #10; Petition), filed on September 12, 2007.[2] As it did not appear a valid federal claim had been stated, the Court "determined the suit may be subject to dismissal." Order (Doc. #12; Order), entered on September 21, 2007, at 1. Accordingly, the Petition was taken under advisement and an opportunity to file an amended complaint was given. *Id.* at 4-5.

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] The original Affidavit of Indigency (Doc. #2), filed on August 13, 2007, was neither signed nor notarized. The current Petition was filed, per the Court's Order (Doc. #4), entered on August 17, 2007, to cure those deficiencies.

In certain situations, Courts may allow litigants to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a). However, to limit the potential incentive for conducting improper litigation, the judiciary can on its own motion dismiss malicious or frivolous cases sought to be prosecuted in forma pauperis. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A frivolous suit is defined as one that "lacks an arguable basis either in law or in fact." *Id.* at 325.

Additionally, a court is to dismiss the case if it "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). Ordinarily, though, at least one opportunity to amend will be afforded "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (per curiam).

In response to the Order, the Amended Complaint (Doc. #14; Amended Complaint) was filed on October 2, 2007. Nevertheless, allegations demonstrating entitlement to relief have not been presented. In the Amended Complaint, Ms. Scott states she is bringing suit pursuant to "the Privacy Act of 1974, 5 U.S.C. 552a" (Privacy Act) in relation to Defendant purportedly having "revealed confidential information from [her] file to other tenants."

The allegations contained in the Amended Complaint do not demonstrate a violation of the Privacy Act. *See, e.g, Perry v. Bureau of Prisons*, 371 F.3d 1304, 1304 (11th Cir. 2004) (per curiam) ("The Privacy Act governs the *government's* collection and dissemination of information and maintenance of its records[.]" (internal quotation marks omitted) (emphasis added)); *Schmitt v. City of Detroit*, 395 F.3d 327, 328 (6th Cir. 2005) ("hold[ing] that the Privacy Act applies solely to federal agencies").  To the extent Plaintiff is asserting a claim for defamation, as the Court previously explained, *see* Order at 3, there is no such federal cause of action. *See*, *e.g.*, *McMillan v. Togus Reg'l Office, Dep't of Veterans Affairs*, 120 F. App'x 849, 852 (2d Cir. 2005); *Long v. Holden*, 42 F.3d 1389, No. 94-3128, 1994 WL 683969, at *1 (6th Cir. Dec. 6, 1994) (Table) ("[D]efamation alone does not create a federal cause of action.").

For the foregoing reasons, it is recommended the Petition (Doc. #10) be **DENIED** and this case **DISMISSED** pursuant to 28 U.S.C. § 1915 without prejudice to the filing of a prepaid complaint.

**DONE AND ENTERED** at Jacksonville, Florida, this 16th day of October, 2007.

/s/         Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable John H. Moore II
Senior United States District Judge

Counsel of Record and
    pro se parties, if any